## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Michael Werb,                                                    Civil No. 08-5126 (SRN/JJG)

                    Plaintiff,

                                                              **MEMORANDUM OPINION**
          v.                                                  **AND ORDER**

ReliaStar Life Insurance Company, and
the Goodrich Long Term Disability Plan,

                    Defendants.

---

Mark M. Nolan, Nolan, Thompson & Leighton, 710 Lawson Commons, 380 St. Peter St., St. Paul, MN 55102, for Plaintiff.

William D. Hittler, and Gregory A. Bromen, Nilan Johnson Lewis PA, 400 One Financial Plaza, 120 South Sixth St., Minneapolis, MN 55802, for Defendants.

---

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on Plaintiff Michael Werb's letter request to reconsider this Court's limited award of attorney fees (Doc. No. 87).  The request for reconsideration was granted and the Court permitted briefing from both parties and heard oral argument on the issue.  (Doc. Nos. 89, 97.)  For the reasons stated below, this Court grants Werb's request for a broader award of attorney fees and prejudgment interest.

## I.      FACTUAL AND PROCEDURAL BACKGROUND

Werb was employed by Goodrich Corporation and participated in its long-term disability ("LTD") benefit plan.  Goodrich funded the plan, which is governed by the Employee Retirement Income Security Act ("ERISA"), through an insurance policy issued by ReliaStar Life Insurance Company.

As the result of a work-related car accident in 1997, Werb experienced ongoing disabling pain.  ReliaStar denied his claim for LTD benefits, arguing that Werb had released his claim in a 2002 settlement agreement with Goodrich.  In September 2008, Werb thus initiated this action against ReliaStar and Goodrich challenging the denial.  (Doc. No. 1.)  Almost a year later, during the pendency of the case, ReliaStar informed Werb that it was voluntarily reconsidering his claim for LTD benefits on the merits, and then denied his claim again, contending that Werb had released his claim and that Werb had failed to establish that he was disabled.

The parties then cross-moved for summary judgment.  The Court (Judge Schiltz) denied Werb's motion and denied Defendants' motion insofar as judgment was sought by ReliaStar but granted the motion insofar as judgment was sought by Goodrich because the settlement indisputably released Werb's claim against Goodrich.  <u>Werb v. ReliaStar Life Ins. Co.</u>, No. 08-CV-5126 (PJS/JJG), 2010 WL 3269974, *13 (D. Minn. Aug. 17, 2010).  Under that agreement, Werb released Goodrich from any and all liability on any and all claims Werb had "against Goodrich, or its insurers, including but not limited to claims . . . pursuant to ERISA."  (Doc. No. 61-9.)  With respect to ReliaStar, however, the Court noted that although Werb clearly released his ERISA claims against "Goodrich and its insurers," it was less clear whether ReliaStar was an "insurer" and who was the "insured" party.  <u>Id.</u>  The Court, noting that the policy did not define "insured," concluded that a genuine issue of material fact remained as to whether ReliaStar was an "insurer" of Goodrich.  <u>Id.</u> at *14.  The Court ordered the parties to complete discovery on that

question, remanded the matter to ReliaStar for a determination as to whether Werb was disabled, and directed them to then file motions for summary judgment.  (Doc. No. 46.)

On remand to the insurer, ReliaStar determined that Werb is disabled.  (Doc. No. 60, at 11.)  Werb amended his Complaint to replace Goodrich as a defendant with the plan.  (Doc. Nos. 47, 47-2, 49.)  Werb and the Defendants (with the plan substituted for Goodrich) then cross-moved, again, for summary judgment.  This Court ruled that the release of Goodrich, its affiliates, and its insurers, does not extend to Werb's claim for benefits because ReliaStar is the insurer of Werb, not Goodrich.  (Doc. No. 86.)

Plaintiff also requested an award of attorney fees and costs.  This Court recognized that Werb had satisfied the threshold requirement of "some success on the merits."  Hardt v. Reliance Std. Life Ins. Co., ___ U.S. ___, 130 S. Ct. 2149, 2156-58 (2010).  But it also recognized that much of the litigation concerned contract-law issues regarding the scope of the release, rather than any issue under ERISA, such as whether Werb was disabled. The Court thus limited the fees and costs Werb could recover to those (1) attributable to the issue of whether he was disabled on the merits, and (2) incurred from the time ReliaStar announced it would reconsider its original decision to the time it found him disabled.[1]  Werb now seeks reconsideration of that limitation on fees as well as prejudgment interest.

---

[1]     After the April 22, 2011 hearing on the parties' cross-motions for summary judgment, ReliaStar informed Werb, on July 25, 2011, that it was terminating his disability claim effective February 1, 2007 due to Werb's failure to provide information and appear for a medical examination.  (Doc. No. 96, Ex. B.)  Werb filed an appeal of that decision on January 4, 2012.  This Court issued its summary judgment Order on January 20, 2012.

## II.   DISCUSSION

### A.   Attorney Fees and Costs

ERISA provides that in actions by plan participants or beneficiaries, "the court in its discretion may allow a reasonable attorneys's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1).  As this Court previously concluded, there is no question that Werb meets the threshold standard of showing "some success on the merits."  Hardt, 130 S. Ct. at 2156-58.  The Eighth Circuit has disavowed any presumption of fees and costs in an ERISA action.  Martin v. Arkansas Blue Cross and Blue Shield, 299 F.3d 966, 971-72 (8th Cir. 2002).  Rather, the Court applies the factors outlined in Lawrence v. Westerhaus:

> "(1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of attorneys' fees; (3) whether an award of attorneys' fees against the opposing parties could deter other persons acting under similar circumstances; (4) whether the parties requesting attorneys' fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal q[ue]stion regarding ERISA itself; and (5) the relative merits of the parties' positions."

749 F.2d 494, 496 (8th Cir. 1984) (quoting Iron Workers Local No. 272 v. Bowen, 624 F.2d 1255, 1266 (5th Cir. 1980)).  Accord Hardt, 130 S. Ct. at 2156-58 (2010) (clarifying that such factors do not control resolution of the threshold requirement, but not foreclosing "the possibility that once a claimant has satisfied this requirement, and thus becomes eligible for a fees award under § 1132(g)(1), a court may consider the five factors" delineated by the court below as well as in Westerhaus).

On reconsideration, the Court concludes that although much of the litigation in this action concerned the generic contractual question of the scope of a release in the context

4

of a settlement of a separate action by Werb, the ultimate issue–throughout the protracted administrative and judicial proceedings–was always one of his entitlement to ERISA benefits.  Werb's Complaint sought relief under ERISA.  (Doc. No. 1.)  Defendants raised the issue of Werb's alleged release of his ERISA claims as an affirmative defense of accord and satisfaction.  (Doc. No. 4.)

With respect to the Lawrence v. Westerhaus factors, the Court finds that (1) Defendants' repeated denial of benefits, only to then reverse that decision, reflects some "culpability or bad faith"; (2) Defendants are capable of satisfying an award of attorneys' fees; (3) an award of fees could likely deter other plan sponsors or administrators acting under similar circumstances; (4) Werb's claim for benefits resolves a significant legal question regarding ERISA and that resolution could also inure to the benefit of other plan participants and beneficiaries; and (5) the merits of the parties' positions regarding the scope and effect of the release, given the complexity of the issue, were relatively equal.

The Court concludes that Werb may recover his reasonable fees and costs incurred in this action without limitation as to the type of issue for which they were incurred.

**B.    Prejudgment Interest**

Werb also seeks prejudgment interest.  "[C]ourts may award prejudgment interest as 'other appropriate equitable relief' under § 1132(a)(3)(B) when benefits are wrongfully delayed."  Parke v. First Reliance Std. Life. Ins. Co., 368 F.3d 999, 1006 (8th Cir. 2004).  "[P]rejudgment interest should generally be granted unless exceptional circumstances render such an award inequitable."  Gordon v. Northwest Airlines, Inc. Long-Term

Disability Income Plan, 606 F. Supp. 2d 1017, 1040 (D. Minn. 2009).

ReliaStar contends that any such request here is premature, however, because the question of whether Werb is entitled to benefits after January 31, 2007, is currently on administrative appeal.  It thus asks the Court to defer the question of prejudgment interest until that issue is completely resolved.  The Court disagrees.  At present, there is no dispute that Werb was denied benefits through January 31, 2007.  The outcome of Werb's administrative appeal of his disability benefits for the period after that date, while perhaps resulting in an additional period of benefits, will have no impact on the fact that he was entitled to benefits through that date.  Thus, Werb may submit an affidavit documenting the amount of prejudgment interest he seeks for the period through January 31, 2007.

## III.    ORDER

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1.    Werb shall submit within ten days of the date of this Order an affidavit documenting his reasonable fees and costs incurred in this action;

2.    ReliaStar may submit a responsive affidavit within ten days thereafter;

3.    Werb shall submit within ten days of the date of this Order an affidavit regarding the prejudgment interest he seeks for the period through January 31, 2007; and

4.    ReliaStar may submit a responsive affidavit within ten days thereafter.

Dated:   April 11, 2012                          ___s/ Susan Richard Nelson___
                                                 SUSAN RICHARD NELSON
                                                 United States District Judge